

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| WENDELL WILKINS,<br>　　　　Plaintiff,<br><br>vs.<br><br>MAJOR CLARK, CPT. BRIGHTHART,<br>SGT. HORTON, and RANDALL WILLIAMS,<br>　　　　Defendants. | Civil Action No. 6:19-00670-MGL-KFM |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLANTIFF'S AMENDED COMPLAINT**

Plaintiff Wendell Wilkins (Wilkins), proceeding pro se, filed this action seeking damages against four officials at Lieber Correctional Institute under 42 U.S.C. § 1983. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Wilkins's Complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de

novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on April 30, 2019. Wilkins filed his Objections to the Report (Objections) on May 13, 2019. The Court has reviewed the objections but holds them to be without merit. It will therefore enter judgment accordingly.

In the Report, the Magistrate Judge suggests it is evident from the facts of Wilkins's complaint he failed to exhaust his administrative remedies prior to filing his lawsuit. Report at 5. The Magistrate Judge, thus, recommends the Court dismiss this action. *Id.*

Wilkins's first two objections raise the same issue and therefore will be addressed together. Wilkins claims the relevant prison official was supposed to file a Step 1 complaint on his behalf, but instead the official had Wilkins file the pending suit. Although this might address why Wilkins failed to exhaust the administrative review process, it does not excuse such failure.

The law requires prisoners to exhaust all "administrative remedies as are available" before filing a § 1983 suit. 42 U.S.C. § 1997e(a). There is only one non-applicable exception to this requirement. *See Ross v. Blake*, 136 S. Ct. 1850, 1856-62, __ U.S. __ (2016) (holding the only exception to the exhaustion requirement is if the administrative remedy is unavailable to the inmate). "A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

An administrative remedy is considered unavailable when: 1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," 2) the system is so "opaque that it becomes, practically speaking, incapable of use," or 3) "prison

administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 136 S. Ct. at 1859-60.

Wilkins's failure to file his Step 1 complaint, however reasonable the reasons, is insufficient to yield the administrative procedure unavailable. These two objections fail to meet any of the three criteria for unavailability. Wilkins's failure to exhaust all administrative remedies prior to his § 1983 action is, thus, determinative. The Magistrate Judge was correct in suggesting the Court dismiss Wilkins's claim. Accordingly, Wilkins's first two objections will be overruled.

Wilkins's third and fourth objections likewise can be grouped together and will be addressed accordingly. Wilkins states he was—subsequent to his request to the relevant prison official, but prior to filing this action—transferred to the Charleston County Detention Center because of new federal criminal charges, without access to electronic devices, and therefore was unable to file a Step 1 complaint.

These two objections suffer from the same fatal flaw as the first two objections. It is unclear from Wilkins's objections why his transfer in detention facilities inhibited his ability to properly file a Step 1 complaint. Wilkins transfer, alone, is insufficient to deem the administrative remedy unavailable.

Wilkins fails to allege that he was not given an opportunity to file a Step 1 complaint prior to his transfer. Nor has he provided sufficient proof the administrative remedy system was completely unobtainable for him from his new confines. As established above, excuses—even if reasonable—are insufficient to evade the exhaustion requirement. Accordingly, neither objection three nor four are valid and the Court will overrule them.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Wilkins's objections, adopts the Report, and incorporates it

herein. Therefore, it is the judgment of the Court Wilkins's amended complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process. Because this dismisses the case in its entirety, Wilkins motion to appoint counsel is **DEEMED MOOT**.

**IT IS SO ORDERED.**

Signed this 7th day of November 2019 in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.